**Carla M. HICKS and Rickey A. Hicks,
Plaintiffs–Appellants,**

v.

**BOSTON SCIENTIFIC
CORPORATION, Defendant–Appellee.**

No. 01–1487.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 20, 2001.

Decided Feb. 20, 2002.

Before RIPPLE, KANNE, and
ROVNER, Circuit Judges.

ORDER

Plaintiff Carla M. Hicks suffered from stress urinary incontinence for a number of years. On June 10, 1997, Dr. John L. Griffith performed surgery on Ms. Hicks to treat her urinary incontinence and implanted a ProteGen Sling manufactured by Boston Scientific Corporation ("BSC sling"). As a result of this surgery, Ms. Hicks developed an infection and experienced complications. On June 9, 1999, Ms. Hicks filed suit against BSC and Dr. Griffith in Illinois state court, alleging that Dr. Griffith committed malpractice and that the BSC sling contained a design defect.

Mr. Hicks joined Ms. Hicks' suit, alleging loss of consortium. In October 1999, plaintiffs voluntarily dismissed Dr. Griffith, and BSC removed the case to federal court.

On the eve of trial, plaintiffs moved to bar several BSC witnesses, claiming that the witnesses had not been timely disclosed. The district court denied plaintiffs' motion holding, *inter alia*, that any purported delay was harmless. Plaintiffs proceeded to trial based on a strict liability theory. At trial, they argued that the BSC sling contained a design defect because its design was unreasonably dangerous.[1] Dr. Griffith testified in support of plaintiffs' claims. Dr. P.D.L. Nayak testified that in his opinion, the most likely cause of Ms. Hick's infection was the fact that the BSC sling was made of a composite material. Plaintiffs then argued that the BSC sling caused Ms. Hicks' infection because her body rejected the foreign material.

BSC countered that the BSC sling was a safe product. BSC presented evidence of its sling design including that (1) the material composing the BSC sling (collagen) had been used over 600,000 times in other applications in the human body, (2) collagen reduced the risk of bacteria and infection, (3) the BSC sling had been successfully tested for bio-compatibility, and (4) the BSC sling was pre-cut and sold sterile in order to avoid infection.

The jury returned a verdict in favor of BSC, and judgment was entered accordingly. Plaintiffs appeal, asserting that (1) the evidence of the BSC sling's design characteristics was improperly admitted and (2) the district court erred in denying plaintiffs' motions to bar BSC's witnesses.

Plaintiffs first assert that the district court erred in admitting evidence regarding the BSC sling's design. Plaintiffs contend that this evidence was irrelevant because it addressed the degree of due care exercised by BSC and therefore should have been excluded in a strict liability case. Under Illinois law, "[t]o recover in strict liability, the injury must result from a condition of the product, the condition must be unreasonably dangerous and the condition must have existed at the time the product left the manufacturer's control." *Hunt v. Blasius*, 74 Ill.2d 203, 23 Ill.Dec. 574, 384 N.E.2d 368, 372 (1978); *see also First Nat'l Bank of Dwight v. Regent Sports Corp.*, 803 F.2d 1431, 1436 (7th Cir.1986) (applying Illinois law). Plaintiffs' argument fails because the evidence presented by BSC was relevant to determine whether the BSC sling was unreasonably dangerous and was therefore admissible. *See Rucker v. Norfolk & W. Ry. Co.*, 77 Ill.2d 434, 33 Ill.Dec. 145, 396 N.E.2d 534, 536–37 (1979) (holding that evidence of product's design characteristics is relevant to the issue of whether a product is unreasonably dangerous).

In *Rucker*, the plaintiff alleged that the defendant was strictly liable for the design of its railroad car. *See id.* at 536. Defendants sought to introduce evidence regarding the design of the railroad car and that design's conformance with federal safety standards. *See id.* at 535–36. The plaintiffs objected, contending that such evidence "improperly direct[ed] the fact finder's attention to the manufacturer's conduct rather than the product and replace[d] strict liability standards with those of traditional negligence." *Id.* at 537. The Illinois Supreme Court rejected the plaintiffs' argument and found that such evidence addressed the reasonable-

---

1. Prior to trial, plaintiffs dropped their claim that there was any defect in the warnings that accompanied the BSC sling or that the BSC sling was manufactured defectively.

ness of the defendant's design choice, not the defendant's conduct. *See id.* The court then held that evidence addressing the product's design is admissible in strict liability to show the reasonableness of that design. *See id.*

In the present case, the statements regarding the BSC sling related to the design of the BSC sling itself and not to the conduct of BSC. For example, the evidence addressed the material used in the sling (collagen), as well the pre-cut packaging of the sling. As in *Rucker,* this evidence addressed the reasonableness of BSC's design choice and was not evidence of due care. Therefore, the district court did not err in admitting this evidence.

■ Plaintiffs next contend that the district court abused its discretion in denying plaintiffs' motions to exclude certain BSC witnesses. Plaintiffs assert that BSC did not timely disclose these witnesses as required by FED. R. CIV. P. 26(a), and therefore, the district court should have barred the witnesses from testifying as a sanction under FED. R. CIV. P. 37. BSC responds that all witnesses were timely disclosed, and that in any event, plaintiffs were not prejudiced by any purported delay. Although the sanction of exclusion under Rule 37 is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless," *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir.1996), the district court has broad discretion in determination whether a Rule 26(a) violation is justified or harmless. *See Mid–America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir.1996).

In *Mid–America,* we held that a party's inability to articulate the basis of its prejudice supported the district court's decision to deny the party's motion for Rule 37 sanctions. *See id.* In the present case, plaintiffs do not provide any basis for concluding that they were prejudiced by BSC's purported delay. Further, nothing in the record indicates that BSC's purported delay prejudiced plaintiffs. Therefore, even if we assume that BSC did not timely disclose any of the witnesses, the delay in disclosure was harmless. Thus, the district court did not abuse its discretion in denying plaintiffs' motions to bar BSC's witnesses.

For the foregoing reasons, we AFFIRM the judgment of the district court.